Good morning. I'm Robert McWhorter and I represent Mr. Osife. Mr. McWhorter, we've just been given, at least our deputy clerk has just given me a two-page document which purports to be something out of the excerpt of records. It looks like it's an original diagram. Can you tell us about this and has your opposing counsel conceded that we can look at it at this point? I think so. I showed it to her before. It was part of the record. It was admitted during the suppression hearing on, I believe, September 30th of 2003. Is this a reproduction? No, but that's the original diagram that the police officer wrote. It's tangentially related to something I may touch upon later on in the argument. I apologize. Why wasn't it in the record that we got sent to us? I forgot to put it in the excerpt of record. It usually exhibits in the district court or given back to the parties after the hearing. It's not a key issue. I just thought that it may be related to something. I'm sorry for the procedural confusion. The search of Mr. Osife's truck was unconstitutional because that search bore no relationship to the crime for which the police arrested him. The police arrested Mr. Osife for urinating in public. This is an infraction, a misdemeanor under Arizona law. It is either a citable or an arrestable defense. In other words, he did not have to be arrested for urinating in public. The officer had the discretion under the statute to do so or to cite him. The officer chose to arrest him. Incident to that arrest, they searched his car. But the search of that car can have no relationship to the crime for which he was arrested. Therefore, it is my contention that that search is unconstitutional. In this factual scenario, this case is very much like the one the Supreme Court dealt with in Knowles v. Iowa, where the Supreme Court basically said that there can be no search incident to citation exception to the Fourth Amendment to allow a search of a person's belongings or car. Basically, the analysis in Knowles, and I'm quoting from Chief Justice Rehnquist's opinion, once Knowles was stopped for speeding and issued a citation, all evidence necessary to prosecute the offense had been obtained. Well, that is precisely what occurred here. No further evidence of excessive speed was going to be found either on the person or the offender or in the passenger compartment of the car. That is exactly the situation here. In support for this opinion, I would call the Court's attention to Justice Scalia's concurrence in the most recent Thornton decision. I don't see how that helps you. He's lamenting the fact that the Supreme Court is deciding this case wrongly. Well, with all due respect, Your Honor, I disagree with that interpretation of his concurrence. And if you add up the numbers, which I did in the brief, you've got Scalia and Ginsburg joining. You've got Justice O'Connor. Have we talked about Thornton? Yes. I beg your pardon. Thornton. You've got Justice O'Connor saying, well, Justice Scalia may have the better approach, which Justice Rehnquist says he likes footnote number four where Justice O'Connor talks about. But O'Connor joins the majority. She does join the majority, but she states in her footnote that the only reason she didn't go with Justice Scalia was the issue wasn't argued, but that she finds his reasoning persuasive. Well, I find his reasoning persuasive, too. But we're sitting here as a court of appeals following law, not making law in this area. You have a client who is situated like Thornton, arrested outside the car, put in a car, handcuffed, I take it, and unable to get any weapon that was in his car, his truck. Certainly there's no other evidence they could find in the truck to substantiate the crime that he – the offense that he committed. But why doesn't Thornton bind you in this matter? Well, I don't think that Thornton binds you. There's an interesting philosophical issue that you raise in your question comment. There are instances where a question is opened under a precedential case that calls upon you to do something about it. And I believe this case presents that question to you. Thornton leaves open the question of what the Fourth Amendment should mean when a person is arrested for something and they search the car having nothing to do with what he's arrested for. That is what Justice Scalia is flagging for the court to do. Now, presumably the Supreme Court will someday touch upon this, but the question is open to you to actually deal with the situation. And I do not think you would be violating any precedent if you were to so find. Mr. Porter, what was Mr. Thornton arrested for? Mr. Thornton was arrested for a drug offense. They searched his car for drugs and found drugs. And Justice Scalia in that case – Was he driving in the car at the time they stopped him? Yeah. Oh, I believe he was. He was taken out of the car. He was away from the situation. Thornton would not have been a valid search. He was in the car when the police arrived. Yes. This is my recollection of Thornton. Was Osif – is it Osif or Osife? Osif. Osif. Was he ever in the car as far as the police were concerned? Well, the testimony was that the person who saw him urinating public saw him get out of the car, go into the store. Right. They then, in a sense, staked out the truck. But the car had really nothing to do with the public offense for which he was arrested. No, no. In Thornton's case, at least he was transporting drugs. Well, but there was a valid finding that Mr. Osif had exercise control. In other words, he came out of the store, opened the car door, stuck something in the front seat, and before he got in was when he was detained by the police. But that would be a separate crime. I'm sorry. That would not be the crime of urinating in public. Oh, no, that is correct. But in other words, he did control the car. There was no dispute that he had some control. This was the car that he was with. What connection did the car have with the crime for which he was arrested? Other than the fact that the woman saw him get out of it to urinate, nothing. And, in fact, I state in my brief, the police testified they found the puddle outside the car. The only way I could say this search would be justified under Justice Scalia's approach and the approach that I think this Court can take is if there was evidence that he was urinating back in the car. The diagram shows the officer actually drew a little stick figure showing that he actually wasn't urinating back in the car. The stick figure is somewhat descriptive about exactly where he was urinating and where the puddle was. Under that factual scenario, there is no justification to look for further evidence of the crime for which he was arrested. But Thornton says you can arrest the defendant and search the car, and there's no way he'd get back into the car. That is correct. I think that's absolutely correct. However, there has to be some rational relationship, some basis for the subject of the arrest with what the person is arrested. Your Honor. I don't read Thornton that way. There doesn't have to be any relationship whatsoever. I think the case is very clear. Once they arrest someone who has recently occupied a vehicle, you can't search the car and any containers in the car. Well, as Justice Scalia wrote in Thornton, I would therefore limit Belton searches, referring to Belton v. New York, to cases where it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle, end quote. Well, he's protesting the decision of his colleagues, and of course he concurs. I would submit a protest is usually in a dissenting opinion. This is a concurrence. And I think, as I've done in the brief, if you add up the numbers, there is basically this is an open question for the court to answer. And as Judge Trott did, and I see I'm almost done with my time. I'd like to reserve a little bit for rebuttal. As Judge Trott in this court concurred to McLaughlin, this court has to find some constitutional moorings, again, to have some limitations on searches. I personally thought the Chimel Doctrine was a good doctrine. The court has overturned that. If the court does that analysis, I believe Mr. Osteep loses. But I believe that there has to be some constitutional moorings. And just briefly, it's based on the first clause of the Fourth Amendment, not the Warrant's Clause. All right. Fine. You've reserved some time. We'll hear from the government. Ms. Pfister. Thank you. May it please the Court. My name is Mary Beth Pfister, appearing for the United States. The facts in this case are not in dispute. The gun was within the defendant's lunge area, within his immediate control at the time of his arrest. And that gun was recovered by the officer less than two minutes after the defendant had been removed from the area of the vehicle, handcuffed and placed in a patrol car. Under these circumstances, the district court's decision denying defendant's motion to suppress was correct for two reasons. First, under Schimel. You say the gun was within the defendant's lunge area. Yes. Not after he was handcuffed and put in a police car. That's correct, Your Honor. But under the case law, the proper analysis is what was the area of the defendant's immediate control at the time of his arrest. This is a search incident to an arrest for the purpose of security of the police officers and not having to worry about being shot by the defendant when he was being arrested. That's correct, Your Honor. And if the gun was within his lunge area at some time in the past, right, maybe the day before? Well, I think if you're looking for the time limitation, you can find that time limitation in the case law. This circuit has held in McLaughlin that if a defendant was removed from the area that's been searched five minutes prior to the search, that's fine. That's still roughly contemporaneous with the arrest and, therefore, a lawful search incident to arrest. However, in the Vasey case, V-A-S-E-Y, the Ninth Circuit held that 30 to 45 minutes after the defendant has been removed from that area is too long. So there have been some limitations set upon the proper parameters of a search incident to arrest. The two reasons for upholding the district court's decision here are Schimel and Thornton. The government does not believe that this court need even reach the Thornton issue that the defendant asked it to reach because Schimel is dispositive. Under Schimel, an officer may search the area incident to the suspect's arrest into which he could reach to grab a weapon or destructible evidence. That was the case here. Thornton merely provides additional support for the district court's decision. Like the defendant in Thornton, this defendant was near the car at the time of his arrest but was first contacted and arrested outside the vehicle. The government agrees with this court's expressed opinion on the Thornton decision that Justice Scalia is complaining because he believes there should be a limitation on the search incident to arrest theory that's adopted by the majority in Thornton. But there is no limitation on the search incident to arrest. The limitation the defendant is asking for doesn't exist anywhere in any of the controlling case law. Well, now, with specific reference to the Scalia concurrence, I'd be interested in your response to Mr. McWhorter's argument that that gives us some leeway at our level to develop that in this case. I do not believe it gives the court leeway. I believe that if this court were to adopt the concurrence position, that it would be adopting a position that is contrary both to Thornton and to the Ninth Circuit's decision in Smith, which was the additional case recently decided that the government submitted as supplemental authority just this week. Which is the Ninth Circuit court case we would be deciding contrary to? U.S. v. Smith, November 23rd? Yes, Your Honor. And did you say there was another one besides Smith? Not specifically addressing Thornton. Okay. How are the police going to find any additional evidence? He's locked. He's handcuffed. He's sitting in the police car. And then they search the car, his car. How are they going to find any additional evidence of the offense for which he was arrested, urinating in the street, in his car? I mean, that's a little far-fetched. Also, how are they protecting themselves from being shot by him when he's sitting in the back seat of a police cruiser handcuffed? Whereas at Thornton, they arrested him for drugs and they searched the car for drugs. So that made sense. Actually, Your Honor, in Thornton, I would correct that. They arrested him for drugs and they searched the car and found a gun under the seat. Please. But to address the question of how they could ever possibly find any evidence relevant to the crime for which the defendant is arrested, he's arrested for public urination. The offense occurred at approximately 4 p.m. in the afternoon in the parking lot of a grocery store in a public place. Arguably, the officer could have found some substance in the truck that would potentially explain the defendant's decision to urinate in public rather than going to a restroom. That substance could have been drugs. It could have been alcohol. But I think art – I think – It could have been coffee. It could have been coffee. It could have been a large bottle of water. But the courts in the cases – Why would that be relevant to anything in terms of the specific crime for which he was charged? It only would be relevant as – It only would be relevant in so far as it might establish that was his reason for being there. I'm not saying that would be admissible evidence at trial. His reason for being there is irrelevant. I'm sorry. His reason for urinating in the parking lot as opposed to going to a restroom. Is there a defense that if you really have to, you can? No, there is not. And I think that that is exactly the reason why the courts have not looked to that issue. The Supreme Court in United States v. Robinson, and then this is cited with approval in Belton, notes that the relevant inquiry is not whether the officer is actually likely to find a weapon or whether the officer is actually likely to find destructible evidence. That's not what matters. The search isn't justified based on the likelihood that they're actually going to find evidence of the crime or even that they're protecting their own safety. But, rather, what justifies the search is simply the reason for it. As Brother Cowan has just stated, take both of those and break them down. Is there any possibility of any evidence that he was urinating in the car? No. No, there's not. Once he's in handcuffs in a police car, is there any possibility that anything that he has in the car will be used to attack the arresting officers? No. But nor was there that possibility in Belton where the defendant had been removed from the car before the car was searched. There was a possibility of finding some drugs in the car. There was that possibility. Yeah, I concede that. It's not quite the same, is it? No, but I think that when you look at the theory behind these existing decisions, that what the courts are looking at, and this is actually what the dissenting opinion in McLaughlin, I believe, points out, is that the state of the law today is that you do not look to why the search occurs. You don't look to whether they're actually going to find evidence relevant to the crime. You don't look to whether they're actually likely to find weapons, and you don't look to whether the officer has a subjective fear of a threat from this person. All that matters is that it is a search of the area within the defendant's immediate control at the time of his arrest that occurs roughly contemporaneously to the arrest. And so so long as the how and the when of the search meets that test, you don't look to why they do it. So a warrantless search can be made of the area near the person arrested when there is no probable cause to believe that any incriminating evidence will be found and no probable cause to believe that there is any artifact in that area which will endanger the safety of the officers. We have a bright line rule now, according to you, under the Supreme Court, that you can search the area of the arrestee's immediate environment with no other reason at all, with no reason and without a warrant, as long as he's being properly arrested. Yes, and I believe that's why Justice Scalia complains in the Thornton decision about the state of the law, that he expresses that same concern. I would like to address one point raised by the defendant, and that is he indicates that the prior cases only deal with the exception to the warrant requirement and not the reasonableness of the searches. However, in New York v. Belton, the Court does specifically address whether that search is reasonable, and it finds that a search incident to arrest is not only an exception to the warrant requirement, but also is a reasonable search under the Fourth Amendment. Of course, the Court also recognizes in Belton that although sometimes allowing a search of the entire passenger compartment and all of the containers in it will allow searches of containers that can hold neither a weapon nor an item nor evidence of the criminal conduct for which the defendant is arrested, the search still is a reasonable intrusion under the Fourth Amendment. So I do disagree that reasonableness is not addressed in any of the previous cases. Reasonableness also is addressed in Schimmel, where the Court finds it's unreasonable in that case, and that's the scope of the search that the officer is engaged in. The Court has no further questions. No further questions, counsel. Thank you. Justice McWherter, you have some reserve time. Yes. Thank you, Judge. Reading the majority opinion in Thornton, there is nothing that would preclude the position per se of Justice Scalia. In fact, if one reads Chief Justice Rehnquist's opinion in Knowles, where he writes what I quoted earlier in my argument, then Justice Rehnquist turns around and writes a majority opinion in Thornton. There's nothing that precludes per se Justice Scalia's approach, and indeed I think that there is a majority of the Court that would go with him on that. Kind of to sum up, I would only quote again what Judge Trott in this Court wrote in his concurrence in McLaughlin, which Justice Scalia actually quoted, in our search for clarity, we have now abandoned our constitutional moorings and floated to a place where the law approves of purely exploratory searches of vehicles during which officers with no definite objective or reason for the search are allowed to rummage around in a car and see what they might find. That's a frightening state of the law, and I think that this Court should find some constitutional moorings and do what Justice Scalia suggests should be done and what I believe you have the power to do. Thank you very much, Mr. McWhorter. The case just argued will be submitted for decision, and the Court will adjourn. All rise. Hear ye, hear ye. All persons having had business in the office of the Chief Court of Appeals for the last 30 days of July, this Court for this session is now adjourned. Thank you. Thank you.
judges: O'scannlain, Cowen, Bea